PETER MORO v. SMITH & HOFFMAN AND BOARD OF EDUCATION OF HARDING TOWNSHIP.

Argued October term, 1927—Decided January 26, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the rule, *Harold A. Price* and *Elmer Romaine.*

*Contra, Albert H. Holland.*

PER CURIAM.

The case was tried before the court and a jury in the Morris Circuit. The situation presented by the status of the parties is peculiar in its results.

The board of education of Harding township contracted with Smith & Hoffman for the erection of a school building; Smith & Hoffman, as general contractors, subcontracted the mason work to the plaintiff Moro. Upon completion of the work the board refused to pay Smith & Hoffman the last installment because of alleged defective mason work. Smith & Hoffman in turn refused to pay Moro, who thereupon brought suit against them. Smith & Hoffman then impleaded the board of education. The board filed a counter-claim and defended on the ground that the mason work was not satisfactorily performed according to the specifications. The jury found in favor of Moro, as against Smith & Hoffman, in the sum of $1,595, and in favor of Smith & Hoffman, as against the board, in the sum of $1,529.

The board's evidence was that Moro did not strictly comply with the specifications in that he did not use a sufficient amount of "anti-hydro" (a water-proofing compound to be mixed with the cement stucco placed over the cement blocks), and that in places he neglected to apply it, the result of which was that the building leaked in certain places, and the walls became discolored because of dampness.

Moro's evidence was that the leaks were due to the failure of the specifications to provide for caulking the space between the window frame and the stucco with oakum or cement; that the discoloration of the walls, owing to dampness, was due to placing plaster directly on the cement blocks, the specifications failing to provide for furring between the blocks and plaster, and that he did the work properly, as required by the specifications.

The points argued in the brief in favor of the rule are—(1) that the verdict is excessive and contrary to the evidence; (2) that the jury failed to make allowance for the work improperly done, and (3) that the verdict is contrary to the charge of the court. Moro's position was unique in that he confessed to Smith & Hoffman that the work was bad and to the board that it was excellent. The jury evidently believed him in his public confession, and they were within their power in that respect. We are unable to perceive error in these features of the case as they presented essentially issues of fact, which were properly submitted to the jury.

The rule will therefore be discharged.